WHATLEY, Judge.
Florida Association of Counties Trust (FACT) appeals the order granting Polk County’s motion for summary judgment and denying FACT’S motion for summary judgment. The summary judgment in favor of Polk County directed FACT to provide coverage for claims arising from the “sick building syndrome” at the Polk County Courthouse. We reverse.
This appeal centers on the construction and interpretation of two documents, a trust agreement and a coverage agreement. On March 1, 1989, certain charter counties in Florida, including Polk County, entered into an agreement and declaration of trust (trust agreement). The trust agreement established the Florida Association of Counties Trust as a local government liability pool to issue general liability coverage agreements providing liability insurance coverage for the member counties and other covered public agencies of Florida. The trust agreement also established a Board of Trustees to administer FACT and interpret certain documents. The general liability coverage agreement is the second document at issue in this appeal.
Proeedurally, Polk County submitted its claims, pursuant to the trust agreement, to FACT’S claims committee and the Board of Trustees to determine coverage. Ultimately, coverage was denied with a specific citation to the pollution exclusion of the coverage agreement. Polk County subsequently filed a declaratory judgment action seeking a determination that FACT was required to provide coverage for the underlying sick building claims. FACT filed an answer and raised several affirmative defenses. Both parties filed motions for summary judgment.
We conclude that summary judgment should have been entered in favor of FACT because the trust agreement precluded Polk County from filing this action. In Section 5.01, Determination of Eligibility, the trust agreement provides that:
The Board shall determine all questions of the scope of liability coverage, eligibility methods of providing or arranging for benefits and all other related matters. It shall have full power to construe the provisions of this agreement and the other program documents in the terms used here and therein. Any such determination and any such construction adopted by the Board in good faith shall be binding upon all parties hereto and the members, provided such determination or such construction is consistent with the laws of the State....
Polk County is a charter member county of the agreement, having agreed to the above-stated provision as a member of FACT. As such, Polk County is a member of the very entity that denied the coverage issue in dispute. “A party is bound by, and the court is powerless to rewrite, the clear and unambiguous terms of a voluntary contract.” See Medical Ctr. Health Plan v. Brick, 572 So.2d 548, 551 (Fla. 1st DCA 1990).
We conclude that the language in Section 5.01 is clear and unambiguous and provided the Board of Trustees with the exclusive authority to determine all questions of coverage. Therefore, because FACT’S determination and construction was consistent with the laws of Florida, see Deni Assoc. of Florida, Inc. v. State Farm Fire & Cas. Ins. Co., 711 So.2d 1135, 1138 (Fla.1998), its decision was binding on the parties.
Accordingly, we reverse the summary judgment entered in favor of Polk County and remand with directions that summary judgment be entered in favor of the Florida Association of Counties Trust.
BLUE, A.C.J., and FULMER, J„ Concur.